# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSE F. SWARTZ, V | ) | CASE NO.  5:11 CV 0168("Case 1") |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| ORACLE CORPORATION, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| JESSE F. SWARTZ, V | ) | CASE NO.  5:11 CV 0221("Case 2") |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| ARIBA, INC., *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

By Order dated February 9, 2010, all defendants in Cases 1 and 2 were dismissed without prejudice except Oracle Corporation and Ariba, Inc. (*See* Doc. Nos. 16 and 9, in Cases 1 and 2, respectively.) At that time, both Oracle and Ariba had pending Motions to Dismiss. (Doc. No. 7 in both cases.) These motions have been fully briefed and are ripe for determination.[1]

---

[1] Plaintiff filed an "Amended Reply" to Ariba's Motion to Dismiss in Case 2. This was filed without leave and adds

**Background**

On December 15, 2010, Mr. Swartz sued defendant Oracle in the Summit County Court of Common Pleas. *Swartz v. Oracle Corp.*, Case No. 2010-12-8241 (Summ. Cty. Ct. Comm. Pls.)(Judge Lynn S. Callahan). He alleged breach of fiduciary duty, unpaid compensation and a violation of the Family Medical Leave Act ("FMLA"). On December 20, 2010, Judge Callahan issued an Order to transfer the case to the Cuyahoga County Court of Common Pleas. Before the transfer took effect, Mr. Swartz filed three separate Amended Complaints to add additional parties, including defendant Ariba, Inc.[2] The amended complaint against Ariba alleged breach of contract, failure to disclose organizational change, wage discrimination and harassment/hostile work environment.

On January 19, 2011, the matter was transferred to and filed in the Cuyahoga County Court of Common Pleas. *See Swartz v. Oracle*, Case No. CV-11-746240 (Judge Hollie L. Gallagher). A Notice was filed by Oracle on January 25, 2011 to remove the matter to the United States District Court for the Northern District of Ohio. *See Swartz v. Oracle, et al.*, No. 5:11cv0168 (N.D. Ohio) (Case 1). Defendant asserted this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 based on Mr. Swartz's FMLA claim. Thus, it claimed removal was proper for this civil action under to 28 U.S.C. § 11441(a) and 1441(b). Oracle averred its Notice of Removal was within 30 days from the date it was served with a summons and complaint.

Twelve days after Oracle removed Mr. Swartz's complaint to this Court, Ariba

---

nothing to the discussion. Therefore, Doc. No. 12 in Case 2 is **STRICKEN**.

[2] Judge Callahan construed the amended pleading as a motion for reconsideration of her decision to transfer the case

2

also filed a Notice of Removal in this Court on January 31, 2011. *See Swartz v. Ariba, et al.*, No. 5:11cv0221 (N.D. Ohio) (Case 2). Ariba asserted federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) based on Plaintiff's residency in Ohio, Ariba's incorporation in Delaware and Mr. Swartz's demand for $8,000,000.00. The corporation also averred it timely filed its Notice pursuant to 28 U.S.C. § 1446. Mr. Swartz did not oppose either Notice of Removal.

Before reaching the merits of a case, the Court is obliged to ensure it has subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *Sault Ste. Marie Tribe of Chippewa Indians v. U.S.*, No. 99-2444, 2001 WL 549409, at *3 (6th Cir. May 16, 2001) (federal courts should no longer follow the practice of assuming jurisdiction in order to proceed on the merits). Plaintiff's failure to object to jurisdiction does not relieve defendants of their burden to support federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). Where it appears that a court lacks subject matter jurisdiction over a removed case, the court shall remand it to state court. 28 U.S.C. § 1447(c).

**Amended Complaint**

Mr. Swartz filed a fifth Amended Complaint on January 31, 2011. (Doc. No. 6, Case 1.) Oracle has moved to dismiss this amended pleading based on plaintiff's failure to file without leave of court. For the reasons set forth below, the Court will grant plaintiff leave to file the amended complaint, *nunc pro tunc*.

A party may amend its pleading once as a matter of course within "21 days after

---

to Cuyahoga County. The Motion was denied and the court issued an Order on December 29, 2010 to transfer the

3

serving it." FED. R. CIV. P. 15(a)(1)(A). Beyond that period, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2). Mr. Swartz filed and served his original complaint on December 15, 2010. The 21-day grace period expired during the first week of January 2011. After that point, he was required to seek leave of court or the written concurrence of the defendants before filing an amended pleading. As such, the Court will construe the Amended Complaint, filed on January 31, 2011, as a Motion for Leave to Amend.

Courts are encouraged to freely grant leave to amend "when justice so requires." Rule 15(a)(2). A motion to amend should be denied, however, "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). Here, Mr. Swartz's Amended Complaint of January 31, 2011 includes all of the defendants named in this action at that time, but amplifies the facts that support his original claims. Even Oracle concedes in its Motion to Dismiss that the facts in the amended pleading do not materially alter the basis upon which it moves this Court to dismiss Mr. Swartz's claims.

Accordingly, this Court **GRANTS** Mr. Swartz's Motion for Leave to Amend (Doc. No. 6, Case 1), but only as it pertains to Oracle, the remaining defendant in the case.[3] Mr. Swartz's fifth amended complaint supersedes the original and is the "legally operative complaint" in this matter. *Scuba v. Wilkinson*, No. 1:06CV160, 2006 WL 2794939, at *2 (S.D.Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001)).

---

case to Cuyahoga County.

**Subject Matter Jurisdiction**

*Federal Question*

A federal court is conferred with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Where the plaintiff has attempted to characterize a federal claim as a state law claim, removal is not prohibited when the plaintiff has no state claim at all. This doctrine of "artful pleading" does not convert legitimate state claims into federal ones, but uncloaks the suit's federal character. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 24 (1983) (announcing that this exception to the well-pleaded complaint rule "stands for the proposition that if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law"). If the relief requested by plaintiff is available only under federal law, then it is clear that a federal right is an essential element of his cause of action, and he is not proceeding "on the exclusive basis of state law." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir.2001).

---

[3] By order filed February 9, 2011 (Doc. No. 16), the Court dismissed all defendants, except Oracle.

5

The face of Mr. Swartz's pleadings clearly asserts Oracle violated federal law. Mr. Swartz claims he took a Leave of Absence (LOA) from Oracle under the the FMLA ("the Act"), 29 U.S.C. § 2601, *et seq.*, in June 2007. Citing the language of the Act, he claims Oracle violated the Act when it placed him in a demoted position after returning from his LOA. In his Brief in Opposition to Oracle's Motion to Dismiss, Mr. Swartz's continued to assert he was entitled to relief because he had a serious illness for which he believed he was on leave under the Act. Therefore, this Court may exercise subject matter jurisdiction over this federal question complaint against Oracle.

*Diversity*

Ariba has also removed the case to this Court under 28 U.S.C. § 1441(a), which allows removal of civil actions "of which the district courts of the United States have original jurisdiction." However, Ariba has invoked this Court's diversity jurisdiction, which provides original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state [...]." 28 U.S.C. § 1332(a).

The relevant facts supporting jurisdiction are not disputed. Mr. Swartz is an Ohio citizen, defendant Ariba is a Delaware corporation with its principal place of business in California, and Mr. Swartz seeks damages in excess of $8 million. Thus, the Court possesses original jurisdiction over this action pursuant to section 1332(a), and Ariba properly removed the case pursuant to 28 U.S.C. § 1441(a). The Court will now turn to the two pending Motions to Dismiss.

**Standard of Review**

Upon review of a motion to dismiss for failure to state a claim, all factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983); 2 MOORE'S FEDERAL PRACTICE § 12.34[1][b] (Matthew Bender 3d ed. 2003). It is still necessary, however, that the complaint contain more than bare assertions or legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

**Oracle's Motion to Dismiss**

"The FMLA entitles qualifying employees to up to twelve weeks of unpaid leave each year if, among other things, an employee has a 'serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005) (quoting 29 U.S.C. § 2612(a)(1)(D)). The FMLA recognizes two theories of civil liability: that an employer interferes with an employee's exercise of his or her FMLA rights, and that an employer retaliates against an employee for exercising his or her FMLA rights. *Daugherty v. Sajar Plastics, Inc*., 544 F.3d 696, 707 (6th Cir. 2008).

Mr. Swartz does not state under what theory the defendant allegedly violated his

7

FMLA rights. He states, simply, that he was "functionally demoted" upon return from his LOA, placed under strain by working outside of Chicago, put in an inappropriate assignment and that the LOA was incorrectly characterized as a "disability." These facts do not allege Oracle interfered with his attempt to exercise his rights under the Act. At best, the claim may be construed as "retaliation" against Mr. Swartz for exercising his FMLA rights. Claims of retaliation under the FMLA, however, involve a showing that (1) he availed himself of a protected right under the FMLA by properly notifying Defendant of his intent to take leave, (2) suffered an adverse employment action, and (3) a casual connection between the exercise of his rights under the FMLA and the adverse employment action. *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006) (citations omitted).

Mr. Swartz never alleges he notified Oracle of his intent to take leave under the FMLA. Instead, he takes issue with the "way in which the Leave of Absence began (via the aforementioned 'wrongful incarceration' by Plaintiff's father and mother) as well as the resultant 'short term disability' designation that occurred." (Pl.'s Op. Mot. Dism., at 5.) Further, he believes the "entire Leave of Absence seems to have been initiated to humiliate Plaintiff, as opposed to a reward (time off) for a 12-month project delivered in 6 months." *Id*. These facts suggest Oracle imposed an involuntary LOA on Mr. Swartz. There is no allegation or suggestion Mr. Swartz notified Oracle that he needed to take leave under the FMLA, or that he was even approved for leave under the FMLA.

Even if Mr. Swartz notified Oracle of his intention to take leave under the FMLA, the claim cannot proceed because it is time-barred. The statute provides that "an action may be brought under this section not later than 2 years after the date of the last event constituting the

8

alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). Because Mr. Swartz alleges that it was his functional demotion in June 2007 that triggered an FMLA violation, he needed to file his FMLA claim on or before June 2009. Mr. Swartz did not file his FMLA complaint against Oracle until December 2010. A careful review of Mr. Swartz's Opposition to the Motion to Dismiss does not offer any excusable neglect for waiting 18 months beyond the statute of limitations before he filed his FMLA claim. Accordingly, any FMLA action Mr. Swartz may have had is time-barred.

The remainder of Mr. Swartz's claims against Oracle fail to state a claim for relief Although FED. R. CIV. P. 8 does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 557). While at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), it is still necessary to include some "well-pleaded factual allegations" to support the claim. *Iqbal*, 129 S.Ct. at 1950.

Mr. Swartz's remaining claims allege (1) Oracle breached a fiduciary duty it owed him when it placed him on a Performance Plan "indicating a nebulous performance issue with Plaintiff." (Am. Compl. at 5, Section H, ¶ 1); and, (2) failed to provide compensation for graduate classes in which he enrolled in April 2008 (*id*, ¶ 2). Oracle argues that, as his employer, it owed no fiduciary duty to Mr. Swartz as an employee and he had no contractual right to educational reimbursement.

9

In some cases, an employee may have a fiduciary relationship with his or her employer, but "[n]ot all employees are fiduciaries." *Laurel Valley Oil Co. v. 76 Lubricants Co.*, 154 Ohio App.3d 512, 520 (Ohio App. 5 2003). The Supreme Court of Ohio defined a fiduciary relationship as one in which "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence acquired by virtue of this special trust." *Stone v. Davis*, 66 Ohio St.2d 74, 78 (1981). Ultimately, a fiduciary relationship requires "'more than the ordinary relationship of employer and employee.'" *State ex rel. Charlton v. Corrigan*, 36 Ohio St.3d 68, 71 (1988) (quoting *In re Termination of Employment*, 40 Ohio St.2d at 114).

Mr. Swartz claims a fiduciary duty existed to "treat him fairly." This does not marginally support an allegation that he enjoyed a fiduciary relationship with Oracle, characterized by some special competence and trust which Oracle betrayed. The Supreme Court of Ohio has recently explained:

> In determining whether a fiduciary relationship exists between an employee and employer, "emphasis should be placed upon whether the assigned job duties require, as essential qualifications over and above technical competency requirements, a high degree of trust, confidence, reliance, integrity and fidelity." *Charlton* [*v. Corrigan*, 36 Ohio St.3d 68, 521 N.E.2d 804 (1988)] at syllabus. Job duties that require a great degree of discretion support the existence of a fiduciary relationship, whereas assigned duties of a routine character do not involve the degree of discretion or trust necessary to be considered a fiduciary. *Id*. at 71-73, 521 N.E.2d 804. A further consideration involves whether the employee's responsibility includes "daily discretionary decisions" affecting persons served by the employer that require the employee to be "of higher than normal reliability." *Id*. at 73, 521 N.E.2d 804.

*State v. Massien*, 125 Ohio St.3d 204, 214 (2010). While Mr. Swartz begins one paragraph claiming that "based purely on business measures, his performance was exceptional[,]" he

10

concludes the same paragraph conceding "some serious adjustments to behavior related to exercise, stress management, and nutrition were needed." (Am. Compl. at 5, Section H, ¶ 1 a. ii.) These facts do not suggest Oracle and Mr. Swartz actively worked to develop a relationship based on a heightened level of trust. Contrary to his allegations, Mr. Swartz is not a fiduciary simply because he was employed by Oracle.

In Mr. Swartz's final claim against Oracle, he states the corporation wrongfully denied his request for reimbursement on April 1, 2008 for graduate classes he completed at the University of Chicago. Titling his claim, "Unpaid Compensation," he alleges Oracle violated its "reimbursement policy." Oracle has countered that its reimbursement policy does not obligate it to pay for Mr. Swartz's classes. To fully address its position, Oracle asks the Court to consider its written Educational Reimbursement policy. Because the Sixth Circuit has determined that a district court may consider a document referred to in the pleadings and which is integral to the claims, without converting a motion to dismiss into one for summary judgment, this Court will consider Oracle's reimbursement policy. *Weiner v. Klais and Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997).

Oracle's Educational Reimbursement policy ("the Policy") is set forth in the company's Employee Handbook. Therefore, to the extent Mr. Swartz asserts a contractual obligation exists under the terms in handbook, the claim fails. "In the absence of mutual assent, a[n] [employee] handbook is simply a unilateral statement of rules and policies that creates no obligations or rights." *McIntosh v. Roadway Express, Inc*., 94 Ohio App.3d 195, 201 (Ohio App. 12 1994) (citing *Tohline v. Cent. Trust Co.*, 48 Ohio App.3d 280, 282 (Ohio App. 1 1988)). Mr. Swartz does not allege any "mutual assent" with Oracle to provide tuition reimbursement.

11

Oracle argues that its Policy states "in no fewer than half dozen places" that reimbursement is completely within the discretion of Oracle. Further, employees cannot be reimbursed for courses for which they have not received prior management approval. Mr. Swartz does not allege he ever sought management approval before enrolling in the classes for which he seeks reimbursement. Instead he simply reiterates that Oracle owed him a duty to reimburse him for work related courses. Without satisfying a prerequisite for employer reimbursement available at the discretion of his employer, Mr. Swartz cannot viably argue he is entitled to reimbursement under any legal theory. Accordingly, Mr. Swartz has failed to state a claim for relief based on his breach of fiduciary and "unpaid compensation" claims.

**Ariba's Motion to Dismiss**

Ariba has filed its motion to dismiss pursuant to Rule 12(b)(2) (Doc. No. 7, Case 2) based, in part, on lack of personal jurisdiction. It is the plaintiff's burden to prove that personal jurisdiction exists. *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006). Mr. Swartz had the opportunity to fully oppose Ariba's Motion. As this Court did not hold an evidentiary hearing regarding whether Ariba is subject to personal jurisdiction in Ohio, the pleadings and affidavits must be considered in a light most favorable to the plaintiff. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996).

The Sixth Circuit has established a three-part test to determine whether a defendant is subject to specific personal jurisdiction in Ohio. That three-part test is: (1) whether the defendant purposefully availed itself of the privilege of acting in Ohio; (2) whether the cause of action arises out of the defendant's activities in Ohio; and (3) whether the exercise of

jurisdiction over the defendant is reasonable. *See Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir.2003); *Mid-West Materials, Inc. v. Tougher Industries, Inc.*, 484 F.Supp.2d 726, 730 (N.D.Ohio 2007).

Mr. Swartz has failed to make the requisite *prima facie* showing that this Court has personal jurisdiction over Ariba. On the question of personal jurisdiction, this Court is left to consider Ariba's averment that none of Mr. Swartz's claims has any connection to Ohio. The defendant states Mr. Swartz lived in Chicago, Illinois when he was employed by Ariba. Moreover, the allegations leveled against Ariba have no relationship with Ohio. Finally, Ariba notes, "[w]hile it appears that Mr.Swartz has since moved to Ohio, that does not establish a basis for personal jurisdiction over Ariba in Ohio." (Mot. Dism. at 3.) The Court agrees.

Ohio's long-arm statute, O.R.C. § 2307.382, does not confer personal jurisdiction over Ariba in Ohio. There is no claim Ariba transacted business or directed any activity in the State of Ohio. There is no allegation that the corporation maintained any offices or employees in Ohio or made deliveries to the state. *See* O.R.C. § 2307.382.

Accordingly, Ariba's Motion to Dismiss for lack of personal jurisdiction is **GRANTED**. Without personal jurisdiction over Ariba, all remaining claims against Ariba are dismissed without prejudice.

## *Conclusion*

For the foregoing reasons, Mr. Swartz's Motion to Amend Complaint is **GRANTED** only as to the remaining defendant, Oracle, and the Motions to Dismiss filed by Oracle (Doc. No. 7, Case 1) and Ariba (Doc. No. 7, Case 2) are **GRANTED**. Both cases are

**DISMISSED** and all claims against Ariba are dismissed without prejudice, based on a lack of personal jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

       **IT IS SO ORDERED**.

Dated: April 12, 2011

                                  **HONORABLE SARA LIOI**
                                  **UNITED STATES DISTRICT JUDGE**

---

[4] While the Court had the instant motions to dismiss under consideration, plaintiff filed three additional motions in Case 1: (1) Motion for Case Management Conference and for Electronic Access (Doc. No. 18); (2) Motion to Include Exhibits (Doc. No. 19); and (3) Motion for Summary Judgment (Doc. No. 20). All of these motions are **DENIED**. In particular, the Court notes that denial of the motion for summary judgment is based on the fact that such motion is particularly deficient when weighed in light of Fed. R. Civ. P. 56.